**Amos JACKSON, Jr., Appellant,**

v.

**CAMPBELL SOUP CO., Northeast Products Division.**

No. 02–3625.

United States Court of Appeals, Third Circuit.

Argued May 20, 2003.

Decided July 30, 2003.

---

Olugbenga O. Abiona (Argued), Philadelphia, PA, for Appellant.

Matthew V. DelDuca (Argued), Dechert, Price & Rhoads, Princeton, NJ, for Appellee.

BEFORE: SCIRICA, Chief Judge, NYGAARD, and BECKER, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, Amos Jackson, appeals from an order of the District Court which granted summary judgment in favor of the Campbell Soup Company. Jackson alleges the District Court erred on three points. First, he argues that it was error to conclude that he failed to make a *prima facie* case of retaliatory harassment/hostile work environment. Second, he challenges the District Court's conclusion that he failed to make a *prima facie* case of retaliatory discharge. Third, Jackson disputes the conclusion that he failed to make a *prima facie* case of racial harassment/hostile work environment. We review the grant of summary judgment *de novo*, applying the familiar standard that a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Because we find no issues of material fact, and that the Appellee is entitled to judgment as a matter of law, we will affirm the District Court's grant of summary judgment.

The history of this case, its facts, and procedure are well known to counsel, the parties, and the District Court. Inasmuch as we are writing a non-precedential opinion and only for the parties herein, we will recite only those facts necessary to our holding. Jackson claims that his former employer, Campbell Soup Company, violated state and federal law during his employment, subjecting him to discrimination and retaliation in January and February of 1999. Campbell terminated Jackson's employment on February 22, 1999.

Jackson began working for Campbell in 1991. From 1997 until 2000 he was in-

volved in litigation against Campbell for alleged discrimination. Campbell was granted partial summary judgment on that claim in 2000. Three plaintiffs settled their remaining claims against Campbell, while Jackson and another employee pursued their remaining claims before a jury, which returned a verdict against Jackson. We affirmed the District Court in Jackson's appeal of the partial summary judgment in that case. *EEOC v. Northeastern Prods. Div. Campbell Soup Co.*, 248 F.3d 1129 (3d Cir.2000) (affirming without published opinion). Although the EEOC was initially involved in that action, it voluntarily dismissed, with prejudice, all claims it had asserted on Jackson's behalf following the grant of partial summary judgment.

Jackson's claims in this action concern events that took place after he returned from a three month medical leave of absence in December 1998. His claims center around Campbell's changing Jackson's health coverage and several incidents between Jackson and both his immediate supervisor and the plant manager. After several incidents of insubordination, Jackson and his supervisor bumped into each other in a hallway. There is a dispute as to whether the incident was intentional, however, the plant manager concluded that the incident was intentional. Following the incident, Jackson was suspended, then terminated. Campbell asserts that Jackson was terminated pursuant to the employee discipline policy for being insubordinate more than three times within a short period of time. The plant manager also concluded that Jackson was unwilling to accept any supervision from his immediate supervisor, and was concerned that the bumping incident might lead to further physical confrontations.

■ As the District Court did, we consider Jackson's claims to be the following: 1) racially hostile work environment; 2) racially discriminatory termination; 3) retaliation. The District Court granted summary judgment as to the racially hostile work environment claim noting that "Jackson has failed to point to evidence or a relationship between the conduct complained of and his race. Such a relationship is the first element of a claim for hostile work environment under both federal and New Jersey law." *Jackson v. Campbell Soup, Northeast Prod. Div.*, Civil Action No. 00–2541 at 12 (D. N.J. Aug 15, 2002). Although Jackson lists this as an issue for his appeal, he fails to present any arguments concerning a racially hostile work environment during the time period of the alleged violation for this suit. We agree with the District Court that Jackson has failed to set out a *prima facie* case alleging a racially hostile work environment.

■ Turning to his racially discriminatory termination claim, the District Court did not hold that Jackson failed in his *prima facie* case, instead the District Court concluded that Campbell provided a legitimate, nondiscriminatory reason for Jackson's termination. The question was whether Jackson presented evidence showing that the apparently legitimate reasons for his firing were pretextual. Jackson could prove this by "demonstrating, through admissible evidence, that [Campbell's] articulated reason was not merely wrong, but that it was 'so plainly wrong that it cannot have been the employer's real reason.'" *Jones v. School Dist.*, 198 F.3d 403, 413 (3d Cir.1999). The District Court concluded, and we agree, that Jackson has not pointed to any evidence that Campbell's stated reasons for Jackson's termination were pretextual.

Finally, we turn to Jackson's retaliation claim. We agree with the District Court that Jackson has failed to establish a *prima facie* retaliation claim. Moreover, as

discussed above, Campbell has articulated a legitimate nondiscriminatory reason for terminating Jackson, and Jackson has failed to show that reason was pretextual. The District Court has carefully and completely explained its reasons for granting Campbell summary judgment in its thoughtful Memorandum Opinion and Order. There are no material facts at issue and the District Court did not err. Accordingly, we affirm the decision of the District Court for the reasons set forth here and in the District Court's Memorandum Opinion of August 15, 2002, without further elaboration.